DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellants Mark C. Kintyhht, Laura E. Kintyhtt, and John R. Kintyhht have appealed the decision of the Summit County Court of Common Pleas that granted summary judgment to Defendant-Appellee the City of Barberton. This Court affirms.
 I {¶ 2} On May 28, 2004, Appellants filed suit against Appellee claiming personal injury and loss of consortium as a result of a motor vehicle accident that occurred on March 30, 2000. In the complaint, Appellants claimed that Barberton Police Officer Vincent Morber ("Morber") caused an accident that resulted in personal injuries to Mark and John Kintyhtt. The complaint further alleged that Laura Kintyhtt, who was not involved in the car accident, had suffered the loss of consortium of her husband Mark Kintyhtt as a result of injuries he sustained in the car accident.
 {¶ 3} Also named in the suit was Third-Party Defendant the Ohio Department of Job and Family Services ("JFS"). The complaint alleged that JFS might claim subrogation rights with respect to the medical expenses of Appellants. However, JFS never answered the complaint.
 {¶ 4} On September 20, 2004, Appellee filed a motion for summary judgment, to which Appellants responded on October 4, 2004. On December 6, 2004, the trial court granted Appellee's motion for summary judgment. Appellants have timely appealed the trial court decision, asserting two assignments of error. We have consolidated their assignments of error for ease of analysis
 II Assignment of Error Number One
"The trial court erred in granting [appellee's] motion for summary judgment."
 Assignment of Error Number Two
"The trial court erred in determining that appellee was entitled to qualified immunity under [R.C.] 2744.02(B)(1)(a)[.]"
 {¶ 5} In their two assignments of error, Appellants have argued that the trial court erred when it concluded that Appellee enjoyed the protection of immunity as codified at R.C.2744.02(B)(1)(a), and granted it summary judgment accordingly. Specifically, Appellants have argued that a genuine issue of material fact existed as to whether or not Morber was engaged in a "call to duty" when the accident with Appellants occurred. We disagree.
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court views the facts presented by the moving party in a light most favorable to the non-moving party and resolves any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986),479 U.S. 948, 107 S.Ct. 433, 93 L.Ed.2d 383.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. "Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings." Elsass v. Crockett,
9th Dist. No. 22282, 2005-Ohio-2142, ¶ 15. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 9} Appellants have argued that the trial court erred when it concluded that Morber was on a "call to duty" when the accident with Appellants occurred and that, as a result, Appellee was immune from liability for the injuries allegedly sustained by Appellants in the accident. In response, Appellee has argued that the trial court properly found that Morber was responding to a "call to duty" when the underlying motor vehicle accident occurred, and thus Appellee was immune from liability pursuant to R.C. Chapter 2744.
 {¶ 10} To determine whether or not a political subdivision such as Appellee is immune from liability, this Court must engage in a three-tier analysis as codified at R.C. Chapter 2744.Colbert v. Cleveland (2003), 99 Ohio St.3d 215, 2003-Ohio-3319, at ¶ 7. The first tier is codified at R.C. 2744.02(A)(1) and states that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. R.C. 2744.02(A)(1); see, also, Colbert,
at ¶ 7. "However, that immunity is not absolute." Colbert, at ¶ 7, citing R.C. 2744.02(B).
 {¶ 11} Pursuant to R.C. 2744.02(B), the second tier of the analysis, a court must determine whether any of the five statutory exceptions codified in R.C. 2744.02(B)(1) through (5) apply and expose the political subdivision to liability. R.C.2744.02(B); see, also, Colbert, at ¶ 8. Relevant to the instant appeal, R.C. 2744.02(B)(1) states that a police officer operating a motor vehicle and responding to an "emergency call" is immune from liability for any injuries resulting from the negligent operation of the motor vehicle so long as "the operation of the vehicle did not constitute willful or wanton misconduct[.]" R.C.2744.02(B)(1)(a). R.C. 2744.01(A) defines an "emergency call" as a "call to duty." The Colbert court refined the definition of "call to duty" to include "a situation to which a response by a peace officer is required by the officer's professional obligation." Colbert, at ¶ 14. The Colbert court specifically rejected the argument that a "call to duty" required the presence of "an inherently dangerous situation." Colbert, at 217.
 {¶ 12} If the political subdivision faces potential liability after the second tier of analysis, the third tier requires that the trial court look to R.C. 2744.03 and determine if any of the additional defenses codified therein afford the political subdivision a defense from liability. R.C. 2744.03; see, also,Colbert, at ¶ 9.
 {¶ 13} In the instant matter, Appellants have argued that Morber did not invoke the "call to duty" defense in the accident report and, as such, his failure created a genuine issue of material fact for trial thus precluding summary judgment to Appellee. Appellee has responded that Appellants failed to present any evidence in contradiction of Morber's assertion via affidavit, filed with Appellee's motion for summary judgment, that Morber was on a "call to duty" at the time of the accident, and thus Appellee was immune from liability.
 {¶ 14} Our review of the record reveals that in support of its motion for summary judgment, Appellee included an affidavit from Morber. In his affidavit, Morber stated that he was responding to a "call to duty" when the accident occurred. In their response to Appellee's motion for summary judgment, Appellants challenged Morber's assertion. The trial court reviewed the motions and determined that, based upon Colbert,
Morber established that he was engaged in a "call to duty" when the accident occurred and, as a result, Appellee was immune from liability for any injuries sustained by Appellants.
 {¶ 15} We find that Morber's failure to invoke the "call to duty" defense in the police report did not, in and of itself, create a genuine issue of material fact for trial. We fail to find any legal support for the proposition that a police report's silence on what is in essence a conclusion of law generates a material dispute of fact. Furthermore, even if we were to assume, arguendo, that a "call to duty" is a factual finding, we would still conclude that silence in a police report is insufficient to generate a material dispute of fact. Morber properly raised the "call to duty" defense in his affidavit in support of summary judgment, to which Appellants responded. Morber's failure to invoke the "call to duty" defense in the police report did not waive the defense or in any way preclude him from invoking the defense via affidavit.
 {¶ 16} Appellants have also argued that, based upon the facts presented by Appellee in support of its motion for summary judgment, a genuine issue of material facts existed as to whether or not Morber was on a "call to duty" as defined by Colbert.
Appellee has argued that Morber was clearly on a call to duty as defined by Colbert, and thus summary judgment was warranted.
 {¶ 17} Turning to the first tier of analysis in the instant matter, there is no dispute that Morber was a police officer employed by Appellee and that he was engaged within the scope of his employment and authority as a police officer when the underlying accident occurred. See R.C. 2744.02(A)(1).
 {¶ 18} The second tier of the analysis requires that this Court determine whether or not Morber was on a "call to duty" when he attempted to enter the intersection, travel to the scene of a fire, and lend aid to the fire department by controlling traffic flow at the scene. We note that there is no dispute that Morber witnessed a fire truck on an emergency call travel through the intersection where the accident occurred. There is also no dispute that Morber heard the dispatch from the fire department as it responded to the fire, and that the fire truck's route would take it through the city of Barberton.
 {¶ 19} We find these facts and circumstance sufficient evidence to support the trial court determination that Morber was on a "call to duty" when the motor vehicle accident occurred. He witnessed the fire truck travel through the intersection and heard first-hand the dispatch from the fire department across his police radio. Although he was not specifically called to the scene of the fire, he was clearly acting within the line of duty and exercising his professional judgment as a trained police officer when he determined that police assistance was needed at the scene of the fire. To find otherwise would be to thwart police officers from exercising their judgment for fear of reprisal stemming from unforeseen events such as the motor vehicle accident in the instant matter.
 {¶ 20} Based on the foregoing, this Court finds that reasonable minds could come to but one conclusion, namely that Appellee was immune from liability for any injuries sustained by Appellants in their motor vehicle accident with Morber. As a result, this Court finds that the trial court did not err when it granted summary judgment to Appellee.
 {¶ 21} Appellants' two assignments of error lack merit.
 III {¶ 22} Appellants' two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J. Concurs.