BURNELL, Appellee and Cross–Appellant,

v.

DULLE et al., Appellants and Cross–Appellees.

[Cite as *Burnell v. Dulle,* 169 Ohio App.3d 792, 2006-Ohio-7044.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

Nos. CA2006–02–024 and CA2006–02–030.

Decided Dec. 28, 2006.

Thomas J. Diehl and David E. Ernst, for appellee and cross-appellant.

Isaac, Brant, Ledman & Teetor, L.L.P., Mark D. Landes, and Jeffery J. Sniderman, for appellants and cross-appellees.

WALSH, Judge.

{¶ 1} Defendants-appellants and cross-appellees, Brian Dulle, Warren County Sheriff Tom Ariss, the Warren County Sheriff's Office, and the Warren County Commissioners ("Warren County"), appeal a decision of the Warren County Court of Common Pleas denying in part and granting in part their motion for summary judgment. Plaintiff-appellee and cross-appellant, Margie Burnell, cross-appeals. We affirm in part and reverse in part the judgment and remand the cause.

{¶ 2} On March 22, 2004, Deputy Sheriff Brian Dulle of the Warren County Sheriff's Office was on duty. That afternoon, Deputy Dulle was driving to the Lebanon Municipal Court to testify in response to a subpoena. The subpoena called Deputy Dulle to testify as a witness in a case involving a motorist whom he had investigated and cited in connection with an automobile accident.

{¶ 3} Deputy Dulle proceeded through the parking lot of the Lebanon Municipal Building, and the cruiser's flashing lights and sirens were off. There is a dispute as to his rate of speed. Burnell alleges that Deputy Dulle's vehicle approached her at an excessive rate of speed; Deputy Dulle estimates his speed at 5 mph. Deputy Dulle turned towards a parking spot designated for police vehicles. His view was partially obstructed by a large van parked at the end of the row of cars. His view was also hindered by sun glare. As he was turning, Deputy Dulle's cruiser knocked Burnell down and ran over her foot, causing injuries. He backed the vehicle up two to three feet to release Burnell's foot. According to Deputy Dulle's deposition, he did not see Burnell prior to the collision. Burnell stated that she saw Deputy Dulle's vehicle approaching, but did not have time to get out of the way.

{¶ 4} In December 2004, Burnell filed a complaint against the Warren County defendants alleging negligence on the part of Deputy Dulle and seeking damages. Warren County filed a motion for summary judgment in November 2005. In a decision dated January 8, 2006, the trial court partially granted the motion. The court's decision found that Deputy Dulle was shielded from liability by sovereign immunity, but refused to hold the Warren County Commissioners and the Warren County Sheriff's Office immune. Warren County timely appealed, raising a single assignment error. Burnell cross-appealed, also raising a single assignment of error.

{¶ 5} A trial court's decision on summary judgment is reviewed de novo. *Burgess v. Tackas* (1998), 125 Ohio App.3d 294, 296, 708 N.E.2d 285. Summary judgment is proper when there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in the that party's favor. Civ.R. 56(C). See, also, *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id. We are mindful of the rule's provisions in reviewing the assignments of error that follow.

{¶ 6} Assignment of error No. 1:

{¶ 7} "The trial court erred by refusing to grant summary judgment for defendants-appellants * * * pursuant to R.C. 2744.02(b)(1)(a) by finding that Deputy Sheriff Brian Dulle was not on a 'call to duty' while driving to testify pursuant to subpoena when the accident occurred."

{¶ 8} Warren County argues that it is entitled to immunity because Deputy Dulle, in traveling to the courthouse to testify in his capacity as a police officer and pursuant to a subpoena, was "responding to an emergency" as contemplated by R.C. 2744.02(B)(1)(a).

{¶ 9} R.C. Chapter 2744 establishes a three-tiered analysis for determining whether a political subdivision is immune from tort liability. *Grooms v. Crawford*, Butler App. Nos. CA2005–05–008 and CA2005–05–009, 2005-Ohio-7028, 2005 WL 3588422, ¶ 11. First, R.C. 2744.02(A) establishes the general rule that a political subdivision is immune from liability for acts or omissions connected with governmental or proprietary functions. Second, this general immunity is revoked if the exception in R.C. 2744.02(B)(1) applies, subject to the defenses in R.C. 2744.02(B)(1)(a) through (c). Third, if a political subdivision is exposed to liability by virtue of the provisions of R.C. 2744.02, R.C. 2744.03(A) provides defenses to

certain specific conduct that the political subdivision may assert, again subject to the limitations of R.C. 2744.03(B).

{¶ 10} Regarding the first tier of the analysis, it is not disputed that the Warren County defendants (Warren County Sheriff Tom Ariss, the Warren County Sheriff's Office, and the Warren County Board of Commissioners) are included in the term "political subdivision." See R.C. 2744.01(F). In addition, as an on-duty police officer, Deputy Dulle was engaged in a "governmental function" at the time of the accident. See R.C. 2744.01(C)(2)(a). Thus, the general rule of immunity, R.C. 2744.02(A), applies.

{¶ 11} The second tier of the analysis requires a court to determine whether any of the exceptions to immunity apply. The trial court determined that this case involved the negligent operation of a motor vehicle, triggering the exception in R.C. 2744.02(B)(1):

{¶ 12} "Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority."

{¶ 13} Warren County does not challenge the applicability of this exception to the present matter. Rather, Warren County argues that it is immune from liability under R.C. 2744.02(B)(1) by virtue of the full-defense provisions of R.C. 2744.02(B)(1)(a) through (c). When liability is to be imposed based upon negligent operation of a motor vehicle by a government employee, R.C. 2744.02(B)(1)(a) through (c) provide three full defenses. Warren County refers to the defense precluding liability when "[a] member of a municipal corporation police department or any other police agency was operating a motor vehicle *while responding to an emergency call* and the operation of the vehicle did not constitute willful or wanton misconduct." (Emphasis added.) R.C. 2744.02(B)(1)(a). An "emergency" call is defined as "a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." R.C. 2744.01(A).

{¶ 14} On appeal, Warren County argues that a police officer en route to court to testify under subpoena is, by definition, on an emergency call under the immunity statute. The trial court rejected the argument that Deputy Dulle was on an emergency call when the accident occurred. We agree with the trial court's ruling on this issue.

{¶ 15} The fact that Deputy Dulle was an on-duty police officer driving to court to testify at the time of the incident does not make this an emergency call. We recognize that the Ohio Supreme Court held that an "emergency call" is not

limited to inherently dangerous situations that demand an immediate response. See *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 11–15. The high court held that an "emergency call" as defined in R.C. 2744.01(A) "involves a situation to which a response by a peace officer is required by the officer's professional obligation." Id. at ¶ 15. But we do not find that the *Colbert* court's analysis requires that the phrase "emergency call" be so broadly construed as to encompass the facts of this case.

{¶ 16} It was not Deputy Dulle's professional duty, but his civic duty, to respond to the subpoena. The fact that the subject matter of his testimony involved the officer's official duties does not render driving to the city building to testify about the subject an emergency call. Deputy Dulle's professional obligations were not engaged while he was driving to the courthouse. Thus, this case is distinguishable from those cited by Warren County for support of its argument. See, e.g., *Cunningham v. Akron*, Summit App. No. 22818, 2006-Ohio-519, 2006 WL 290100; *Rutledge v. O'Toole*, Cuyahoga App. No. 84843, 2005-Ohio-1010, 2005 WL 563727; *Kintyhtt v. Barberton*, Summit App. No. 22468, 2005-Ohio-3799, 2005 WL 1763606.

{¶ 17} We conclude that the trial court properly denied summary judgment in favor of the Warren County Commissioners and the Warren County Sheriff's Office on the basis that the officer was not responding to an emergency call. While Deputy Dulle was on duty at the time of the accident, he was correctly determined by the trial court not to be on an emergency call at this time, as is required by R.C. 2744.02(B)(1)(a) for immunity under that section. Warren County's first assignment of error is overruled.

{¶ 18} Cross–Assignment of error No. 1:

{¶ 19} "The trial court erred in finding that Deputy Dulle was not liable for willful or wanton misconduct as a matter of law and in granting his motion for summary judgment."

{¶ 20} Burnell maintains that there is ample evidence in the record to give rise to a material question of fact whether Deputy Dulle was acting recklessly when the accident occurred. Burnell asserts that this question of fact precludes summary judgment in his favor.

{¶ 21} After finding that Deputy Dulle negligently operated his police cruiser while on duty but not responding to an emergency call, the trial court determined that he was not guilty of any willful or wanton misconduct. The court held Deputy Dulle immune from liability under R.C. 2744.03(A)(6). This statute provides a general grant of immunity to an employee of a political subdivision unless one of the following applies: (1) the employee's acts or omissions were manifestly outside the scope of his employment or official responsibilities, (2) the

employee's acts or omissions were performed with malicious purpose, in bad faith, or in a wanton or reckless manner, or (3) civil liability is expressly imposed by statute. Burnell challenges Deputy Dulle's right to sovereign immunity based upon the second of these three exceptions, wanton and reckless conduct.

{¶ 22} Whether a person acted in a reckless and wanton manner is usually a question of fact for the jury. *Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351, 356, 639 N.E.2d 31. Deputy Dulle conceded that he was driving with an obstructed view due to the sun and the parked van and that he did not see Burnell until after the collision. As stated, there is a factual dispute regarding Deputy Dulle's speed at the time of the accident. In her deposition, Burnell stated that Deputy Dulle "was so close, he hit me in a couple seconds. I didn't have time to move." But Deputy Dulle claimed that he was "creeping," and estimated his speed at 5 mph (he was only able to provide an estimate because his speedometer did not register at speeds below 10 mph).

{¶ 23} As the nonmovant, the evidence must be construed in Burnell's favor. Because reasonable minds could come to different conclusions regarding whether Deputy Dulle's conduct rose to the level of recklessness or wantonness, the trial court erred in awarding summary judgment to Deputy Dulle.

{¶ 24} Burnell's cross-assignment of error is sustained.

{¶ 25} Having overruled Warren County's assignment of error and sustained Burnell's cross-assignment of error, we affirm the portion of the trial court decision denying summary judgment to the Warren County Commissioners and the Warren County Sheriff's Office. We reverse the portion of the trial court decision granting summary judgment to Deputy Dulle. We remand the cause to the trial court for further proceedings according to law and consistent with this opinion.

Affirmed in part
and reversed in part,
and cause remanded.

POWELL, P.J., and BRESSLER, J., concur.