JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiffs-appellants Gwendolyn Mays Williamson and her husband Dennis Williamson, who allege they suffered, respectively, personal injuries and loss of consortium as the result of a collision with a police vehicle, appeal from the trial court order that effectively dismissed their claims by granting the motion for summary judgment filed by defendants-appellees John N. Bechtel and the City of East Cleveland.
 {¶ 2} In their appellate brief, appellants assert Bechtel and the city were not entitled to summary judgment for two reasons. First, appellants argue the "Political Subdivision Tort Liability Act" (hereinafter referred to by initials as the "PSTLA") is unconstitutional, therefore, the city cannot invoke a complete defense based upon it.[1] Second, appellants argue the evidence demonstrated the existence of genuine issues of material fact concerning whether Bechtel was on an emergency call and whether he acted in a wanton manner when the motor vehicle collision occurred, therefore, summary judgment was inappropriate.
 {¶ 3} This court disagrees with both of appellants' arguments. Accordingly, the trial court's order is affirmed.
 {¶ 4} The record reflects the collision occurred the morning of March 13, 2001. Appellant Gwendolyn Williamson was driving her Cadillac automobile in East Cleveland eastbound on Euclid Avenue. Appellant intended to make a left turn into a service station near Shaw Avenue, so she stopped for approaching traffic to clear. When she thought it was safe to do so, appellant began making the turn; however, her Cadillac suddenly was struck by a police vehicle that was passing it on the left.
 {¶ 5} Appellee Officer John Bechtel drove the police vehicle; his partner Officer Stanley Hardy sat in the front passenger seat. The record reflects the officers had received a radio call that a rape was in progress, and at approximately 9:45 a.m. they were en route to the location. The record further reflects the collision occurred at approximately 9:48 a.m.
 {¶ 6} On January 11, 2002 appellants filed the instant action. Appellants alleged Gwendolyn had sustained bodily injury in the collision, which had been caused by Bechtel's negligence. They further alleged a claim against the city under the theory of respondeat superior.
 {¶ 7} Appellees' answer to appellants' claims raised the defense of sovereign immunity. They subsequently filed a motion for summary judgment based on the same defense. Appellees argued that R.C.2744.02(B)(1)(a) of the PSTLA specifically precluded liability for police officers who caused injury to others through their operation of a motor vehicle while they were responding to an emergency call.
 {¶ 8} Appellees attached to their motion supporting documentary evidence which fully complied with the requirements set forth in Civ.R. 56(E). These included the "crash report" of the collision, police department logs, and the affidavits of Bechtel and Hardy.
 {¶ 9} The "crash report," detailed by another East Cleveland police officer, indicated the responding officer had been dispatched to the scene at 9:55 a.m. and had arrived at 10:02 a.m. It further indicated that Bechtel stated that prior to the accident he had "sounded with his air horn several times to warn [Mrs. Williamson] of his approach."
 {¶ 10} Bechtel repeated this statement in his affidavit. He averred that "at approximately 9:45 a.m." he had "received a radio dispatch to respond to a call of a rape in progress complaint" at East 141st Street, that "in response to the radio dispatch" he "activated his overhead lights and sounded the air horn several times" as he proceeded eastbound on Euclid Avenue, that he was traveling in the center lane "at a speed of approximately 30 miles per hour," and that he went left of center to go around traffic when appellant began to make a left turn and the collision occurred.
 {¶ 11} All of Bechtel's statements were corroborated by Hardy's affidavit. The statements also were corroborated by Bechtel's duty log and the police department "call report." These two documents, however, indicated a two-to-three minute variation in the times of the emergency call, the radio dispatch, and Bechtel's police unit's response.
 {¶ 12} Appellants filed a brief in opposition to appellees' motion. They argued summary judgment was inappropriate for two reasons: 1) the PSTLA was unconstitutional; and, 2) the documentary evidence raised an issue concerning whether, based upon the variations in time of the police department documents, Bechtel was responding to an emergency call when the collision occurred. Appellants also attached to their brief two affidavits: Gwendolyn Williamson's and the affidavit of one of her co-workers, Lenora Hutchison.
 {¶ 13} In her affidavit, appellant averred in pertinent part that Bechtel's police unit "did not have [its] siren on nor flashing lights, and that the only time she knew of his presence was when he struck her motor vehicle." Hutchison claimed to have witnessed serendipitously the collision from a nearby shopping center. In pertinent part, she averred the police unit was "travelling (sic) at a high rate of speed attempting to pass" appellant's Cadillac, and she "did not hear any sirens or obstserve (sic) any flashing lights" on the police unit after the collision.
 {¶ 14} After filing their opposing brief, appellants requested leave of the trial court to file an amended complaint instanter. Appellants asserted they had "inadvertently omitted allegations of wanton/reckless/willful misconduct" on Bechtel's part. The record reflects the trial court later granted the foregoing request, but nevertheless granted appellees summary judgment on appellants' claims.
 {¶ 15} Appellants now present two assignments of error as follows:
 {¶ 16} "I. R.C. {Section] 2744.01 et seq., the Political Subdivision Tort Liability Act, violates O. Const. Section 5, Article I (right to trial by jury) and Section 16, Article I (right to remedy by due course of law) and is therefore unconstitutional.
 {¶ 17} "II. The trial court erred in granting defendants/appellees' motion for summary judgment where the following factual issues were disputed: i) whether defendant was on an emergency call at the time of the crash; ii) whether defendant had activated his overhead lights and air horn; and iii) whether defendant acted in a wanton or reckless manner when he crossed into the oncoming lane of traffic and attempted to pass a left-turning vehicle on the left at 30 m.p.h."
 {¶ 18} In their first assignment of error presented in their appellate brief, appellants urge this court to declare the PSTLA is unconstitutional.[2] This court declines to do so.
 {¶ 19} The record reflects appellants have not properly invoked the jurisdiction of either the trial court or this court to determine this issue. In the Matter of the Estate of Kirk, Hancock App. No. 5-02-42, 2003-Ohio-471. Although appellants seek a declaration that the PSTLA is unconstitutional, they failed to file an action in accord with R.C. Chapter 2721. Cf., Cleveland Bar Assn. v. Picklo, 96 Ohio St.3d 195,2002-Ohio-3995 (constitutional separation-of-powers challenge not a R.C. Chapter 2712 action).
 {¶ 20} Moreover, they neither asserted the claim of unconstitutionality in their amended complaint nor served the Ohio Attorney General with a copy of that complaint. Cicco v. Stockmaster,89 Ohio St.3d 95, 2000-Ohio-434. Rather, appellants improperly raised this issue for the first time in their brief in opposition to appellees' motion for summary judgment. Rutan v. State Farm Fire Cas. Co.
(July 12, 2000), Summit App. No. 19879.
 {¶ 21} Since the trial court lacked jurisdiction to consider this issue, this court likewise will not consider it. In the Matter of theEstate of Kirk, supra. Accordingly, appellants' first assignment of error is overruled.
 {¶ 22} Appellants' second assignment of error challenges the trial court's decision to grant summary judgment to appellees. Appellants assert the evidence failed to support appellees' complete defense that sovereign immunity precluded appellants' claims. Appellants' challenge is rejected.
 {¶ 23} When a court considers a motion for summary judgment, the moving parties bear the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to any material element of the opposing parties' claims. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107. If the moving parties do so, the nonmovants "may not simply rest upon the mere allegations" of their pleadings, but instead must file a "response, by affidavit or otherwise as provided" in Civ.R. 56(C), and "must set forth specific facts showing there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media,Ltd. of Texas (1991), 59 Ohio St.3d 108.
 {¶ 24} The trial court may not weigh the evidence, but instead is required to construe the evidence most strongly in the nonmoving parties' favor. Civ.R. 56(C). However, not every factual issue is material.Buckeye Union Ins. Co. v. Consol. Stores Corp. (1990), 68 Ohio App.3d 19,22.
 {¶ 25} The Ohio Supreme Court recently addressed a case with similar facts as the instant case. In Colbert v. Cleveland,99 Ohio St.3d 215, 2003-Ohio-3319, the supreme court discussed the defense of sovereign immunity in a case in which a police officer in pursuit of a suspected drug dealer was struck by another motorist, who was injured in the collision.
 {¶ 26} The supreme court observed in Colbert that pursuant to R.C. 2744.02(B)(1)(a), "the political subdivision has a full defense" to liability where the officer was operating a vehicle while responding toan emergency call and the operation did not constitute willful or wanton conduct. The syllabus of the court held the term "emergency call," as defined in R.C. 2744.01(A), "involves a situation to which a response by a peace officer is required by the officer's professional obligation."
 {¶ 27} Since the officers in Colbert believed they had just witnessed a crime, their need to investigate constituted an "emergency call" to duty. Moreover, their failure to either "activate their emergency lights or siren or call for backup" did not negate their full defense to liability; the evidence, instead, supported the trial court's decision to award summary judgment to the defendants.
 {¶ 28} The evidence in this case presents facts that are even more compelling than those considered by the supreme court in Colbert.
Indeed, they clearly established the existence of appellees' full defense to appellants' claim of negligence.
 {¶ 29} In Colbert, the supreme court included within the definition of "emergency call" a pursuit that began after the police believed they witnessed a drug deal, which is a nonviolent crime. The officers' professional response in that situation was required, whether or not the situation further required "emergency lights or siren." In this case, the police records and affidavits conclusively proved Bechtel had received a call indicating a rape was in progress; clearly, it constituted an "emergency call" within the statutory definition.
 {¶ 30} Appellants' evidence did not directly challenge this fact. Rather, their argument against appellees' motion for summary judgment focused on the slight discrepancies in time contained in the police department documents. These slight discrepancies in time, however, do not raise any genuine issues of material fact, since they do not alter the dispositive one as set forth in appellees' evidence, viz., Bechtel was responding to an emergency call when the accident occurred. All clocks are not synchronized.
 {¶ 31} Similarly, it matters little whether either appellant or her co-worker witness actually were alert to the "siren" or "overhead lights" Bechtel averred he had activated on his patrol car. Id.; Lipscombv. Lewis (1995), 85 Ohio App.3d 97. Presumably, appellant would not have made her turn if she had been aware of traffic behind her.
 {¶ 32} Finally, appellants merely repeated the most recent allegations raised in their amended complaint when they asserted that Bechtel's response speed of a mere 30 m.p.h. on a major thoroughfare constituted "willful and wanton" conduct. Sparks v. Cleveland, Cuyahoga App. No. 81715, 2003-Ohio-1172; Hall-Pearson v. South Euclid (Oct. 8, 1998), Cuyahoga App. No. 73429. Actually, in view of the nature of the crime in progress, Bechtel's speed seems circumspect.
 {¶ 33} Under the compelling circumstances of this case, the trial court properly granted summary judgment to appellees. Colbert v.Cleveland, supra. Appellants' second assignment of error, therefore, also is overruled.
 {¶ 34} The trial court's order is affirmed.
ANN DYKE, J. CONCURS
 ANTHONY O. CALABRESE, JR., J. DISSENTS WITH SEPARATE DISSENTINGOPINION
[1] Appellants withdrew their first assignment of error during oral argument; however, they failed thereafter to submit any written verification of this action. Consequently, this court formally will address it as directed by App.R. 12(A)(1)(b).
[2] See footnote 1.