DECISION AND JUDGMENT
{¶ 1} Appellant, Quotachi Nachion Rambus, appeals an entry of summary judgment in favor of appellee, city of Toledo. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} This case arises out of a motor vehicle collision that occurred on February 13, 2004. On that date, Rambus was operating her automobile in a westerly direction on Monroe Street in Sylvania, Lucas County, Ohio. Toledo Police Officer Lawrence Shirey was driving his police cruiser in an easterly direction on the same street. Acting within the course and scope of his employment with the city of Toledo, Officer Shirey was transporting a prisoner, Steven J. Franks, from the Sylvania jail to the Lucas County jail.
 {¶ 3} At the intersection of Monroe Street and Holland-Sylvania Road, Rambus had a green arrow to turn left. She was in the process of making that left turn when Officer Shirey, who had a red light at the same intersection and who had stopped for that light, became confused and proceeded forward into the intersection in violation of the red light. He struck Rambus's car, causing injury both to Rambus and to his passenger, Franks.
 {¶ 4} Rambus filed suit against the city of Toledo, Shirey, and Rambus's uninsured motorist carrier, State Farm Insurance Company. The city of Toledo filed a motion for summary judgment, and the trial court granted the motion based on a determination that, in this case, the city of Toledo is immune from civil liability pursuant to R.C. Chapter 2744. It is from this judgment that Rambus appeals, raising a sole assignment of error:
 {¶ 5} I. "IT WAS ERROR FOR THE COURT TO FIND THAT THE CITY OF TOLEDO WAS IMMUNE FROM THE ADMITTEDLY NEGLIGENT ACTIONS OF OFFICER SHIREY IN PREMATURELY STARTING UP FROM A RED LIGHT AND *Page 3 
STRIKING THE AUTOMOBILE OF PLAINTIFF RAMBUS WHO WAS PROCEEDING LAWFULLY THROUGH A GREEN LEFT TURN ARROW."
 {¶ 6} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Civ. R. 56(C) provides:
 {¶ 7} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 8} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party.Ryberg v. Allstate Ins. Co. (July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son, Inc. v. Midwestern Indemnity Co. (1992),65 Ohio St.3d 621, 629.
 {¶ 9} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving party's claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once this *Page 4 
burden has been satisfied, the non-moving party has the burden, as set forth at Civ. R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 10} R.C. 2744.02(B)(1) relevantly provides that a political subdivision may be held liable for injuries caused by an employee's negligent operation of a motor vehicle when the employee is engaged within the scope of his or her employment. A defense to this liability is set forth at R.C. 2744.02(B)(1)(a), and pertinently provides that a political subdivision will not be liable for damages caused by a police officer's negligent operation of a motor vehicle if the officer was responding to an "emergency call" at the time of the accident and his or her operation of the vehicle did not constitute willful or wanton misconduct.
 {¶ 11} The dispute in this case focuses wholly upon the question of whether Officer Shirey was responding to an emergency call at the time of the accident with Rambus.[1]
 {¶ 12} "Emergency call" is defined at R.C. 2744.01 as "a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of the peace officer." The Supreme Court of Ohio, in Colbert v. City ofCleveland, 99 Ohio St.3d 215, 2003-Ohio-3319, interpreted this definition, relevantly stating as follows: *Page 5 
 {¶ 13} "R.C. 2744.01(A) states that `emergency call' means `a call toduty.' * * * `Duty' is defined as `obligatory tasks, conduct, service, or functions enjoined by order or usage according to rank, occupation, or profession.' Webster's Third New International Dictionary (1986) 705. Thus, a `call to duty' involves a situation to which a response by a peace officer is required by the officer's professional obligation.
 {¶ 14} "Following the term `call to duty,' R.C. 2744.01(A) continues with the phrase `including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer.' * * * The phrase `including, but not limited to,' `"indicates that what follows is a nonexhaustive list ofexamples."' * * * Examples are typically intended to provide illustrations of a term defined in the statute, but do not act as limitations on that term. Moreover, of the three examples listed in R.C. 2744.01(A), only the third example, `personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer,' refers to a dangerous situation, thereby indicating that the other listed examples need not involve an inherently dangerous situation. Therefore, we find that the phrase `inherently dangerous situations' places no limitation on the term `call to duty.'
 {¶ 15} "Had the General Assembly intended to limit an emergency call to only those situations that were inherently dangerous, it could have expressly imposed that limitation. Because no such limiting language exists in R.C. 2744.01(A), we will not add it by judicial fiat. Accordingly, we hold that an `emergency call' as defined in *Page 6 
R.C. 2744.01(A) involves a situation to which a response by a peace officer is required by the officer's professional obligation." Id. at ¶ 13-15.
 {¶ 16} In the instant case, the undisputed facts show that at the time of the accident with Rambus, Officer Shirey was transporting a prisoner pursuant to an order he received from the police dispatcher. The undisputed facts likewise reveal that Officer Shirey, while transporting the prisoner, negligently caused the collision with Rambus.[2]
 {¶ 17} Applying the law as set forth in Colbert, we find that because Officer Shirey, in transporting prisoner Franks, was responding to a call to duty as part of his professional obligation, he was, in fact, responding to an "emergency call" within the meaning of R.C.2744.01(A). Accordingly, the city of Toledo is afforded immunity under R.C. 2744.02(B)(1)(a).
 {¶ 18} Arguing against this conclusion, Rambus argues, without citation to any authority, that "[t]he important characteristic in an emergency call is that the emergency justifies a deviation by the police from the ordinary standard of care, to which they and the rest of the motoring public is obligated to adhere." Although this is not an illogical argument, it flies in the face of applicable authority and, therefore, is properly dismissed as meritless. See, Colbert, supra.
 {¶ 19} As additional support for her position, Rambus next relies on dictionary definitions of "emergency" that describe the term as involving a sudden, unexpected occurrence demanding immediate action. Unfortunately for Rambus, we are compelled *Page 7 
to apply the definition of "emergency call" as set forth at R.C. 2744.01, not the definition of "emergency" as set forth in the dictionary.
 {¶ 20} Rambus next argues that the trial court, in finding that the city of Toledo was immune under R.C. 2744.02(B)(1)(a), violated the doctrine of separation of powers. Specifically, Rambus argues that "when a court in its interpretation of a statute completely disregards the intent of the legislature such that it changes the whole meaning of the statute from what the legislature had passed, unless it declares the statute unconstitutional, it violates the Separation of Powers inherent in our democratic system."
 {¶ 21} We initially note that Rambus raises the separation of powers argument for the first time on appeal. As stated by the Supreme Court of Ohio in State v. Williams (1977), 51 Ohio St.2d 112:
 {¶ 22} "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." Id., at paragraph one of the syllabus.
 {¶ 23} Because the separation of powers argument has been raised for the first time on appeal, it is appropriately ignored by this court.
 {¶ 24} Even if the argument were considered by this court, however, it would necessarily fail. This is because the trial court's decision, like ours, is based upon a decision by the Supreme Court of Ohio. And a trial court, like this court, is bound to follow a decision of the Ohio Supreme Court and cannot overrule the high court's *Page 8 
decision or declare it unconstitutional. See, State v. Sheets, 12th Dist. No. CA2006-04-032, 2007-Ohio-1799, ¶ 16.
 {¶ 25} For all of the foregoing reasons, Rambus's sole assignment of error is found not well-taken, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] Where, as here, the facts are undisputed, the issue of whether an officer is on an "emergency call" is properly determined as a matter of law. See, Rutledge v. O'Toole, 8th Dist. No. 84843, 2005-Ohio-1010, ¶ 19.
[2] We note that there is no evidence or allegation to suggest that Officer Shirey's conduct in causing the accident was willful or wanton. *Page 1