JOURNAL ENTRY AND OPINION
{¶ 1} In this personal injury action resulting from a motor vehicle accident, defendant-appellant the City of Cleveland appeals pursuant to R.C. 2744.02(C) from the trial court order that denied its motion for summary judgment on the negligence claims brought against it by plaintiffs-appellees Linda and Matthew Longley.[1]
 {¶ 2} In its sole assignment of error, appellant argues R.C. 2744.01(A) conferred immunity on it under the circumstances presented in this case; therefore, the trial court erred in denying its motion.
 {¶ 3} Upon a review of the record, this court agrees with appellant's argument. Consequently, the trial court's order is reversed. Appellant is entitled to judgment as a matter of law on the Longleys' claims.
 {¶ 4} The Longleys' claims against appellant stem from an incident which occurred on the afternoon of December 30, 2005. In their amended complaint, the Longleys alleged in pertinent part that Linda Longley suffered injuries when "Willis Cuevas, while in the course and scope of his employment as a police officer for and on behalf of the Defendant, City of Cleveland, negligently operated his motor vehicle" into the rear of her vehicle. *Page 5 
 {¶ 5} The evidence presented to the trial court demonstrated that the accident occurred on Interstate 480 westbound near the Ridge Road exit. According to Officer Cuevas's account, he was performing his duties as a member of the "Traffic Unit." At approximately 3:55 p.m., Cuevas "observed a motorist stopped in the berm of the north side ***. The individual had activated the hazard lights on his motor vehicle."
 {¶ 6} In order to investigate, Cuevas "activated" his overhead "flashing lights" and stopped his patrol car. Cuevas spoke with the motorist briefly. Cuevas then reentered his patrol car, put on his left turn signal, and, with his lights still flashing, attempted to merge into westbound traffic, but his car struck the rear of Longley's vehicle as she traveled in the right lane.
 {¶ 7} This particular incident was the second of three motor vehicle accidents in which Linda Longley had been involved; she and her husband subsequently filed negligence claims against each of the other drivers, along with Cuevas's employer, viz., appellant. Appellant's answer to the Longleys' claims raised the defense of sovereign immunity.[2] *Page 6 
 {¶ 8} At the final pretrial hearing, appellant requested leave to file a motion for summary judgment with respect to the Longleys' claims. The court granted appellant's request.
 {¶ 9} Appellant argued in its motion that R.C. 2744.02(B)(1)(a)[3]
conferred immunity upon it and Cuevas for liability in this case. Appellant supported its argument with Cuevas's affidavit, to which he attached his police report of the accident.
 {¶ 10} Cuevas averred that the accident occurred while he was on patrol, just as he had concluded his investigation of the motorist stopped in the "breakdown" lane. Based upon Cuevas's description of the incident and his report, appellant asserted Colbert v. Cleveland,99 Ohio St.3d 215, 2003-Ohio-3319, applied, i.e., Cuevas was engaged in an "emergency call," as defined by R.C. 2744.01(A), [4] at the time of his collision with Linda Longley's vehicle.
 {¶ 11} The Longleys responded to appellant's motion with a brief in opposition. Although they acknowledged that Cuevas was on duty as a police *Page 7 
officer, and that his actions were merely negligent rather than "willful and wanton," nevertheless, they argued summary judgment was inappropriate.
 {¶ 12} The Longleys contended that Cuevas had not been "called" to the scene, and, further, the accident occurred after Cuevas had concluded his duties. Thus, the Longleys urged the trial court to determine that a genuine issue of material fact existed concerning whether the exception to immunity conferred by R.C. 2744.02(B)(1)(a) applied to their claims against appellant.
 {¶ 13} The Longleys supported their argument by attaching to their brief portions of Cuevas's deposition testimony. They neglected, however, to file a copy of the entire transcript. Appellant filed a reply brief that pointed out their omission, but presented no additional evidence.
 {¶ 14} In its subsequent journal entry, the trial court dismissed the claims the Longleys raised against Cuevas individually, but denied appellant's motion for summary judgment. The court stated that it agreed with appellant that Cuevas was "answering his call to duty when he responded to the motorist stopped on the berm of the highway"; however, since the accident occurred "after" the "emergency call," rather than "in response to" or "in route to" an emergency call, a question of fact existed "as to whether or not immunity under R.C. 2744.02 applies ***." *Page 8 
 {¶ 15} Appellant filed an appeal of the trial court's decision pursuant to R.C. 2744.02(C);[5] it presents the following assignment of error for this court's review.
 "The trial court incorrectly ruled that Officer Cuevas was not engaged in an emergency call at the time of his December 30, 2005 motor vehicle accident with Lillian Longley, and, as such, incorrectly denied the city summary judgment based upon the defense of immunity under R.C. Chapter 2744."
 {¶ 16} Appellant argues the trial court erred in denying its motion for summary judgment. Appellant contends that under the undisputed facts of this case, R.C. 2744.02(B)(1)(a) provided a complete defense to the Longleys' claim of negligence. This court agrees.
 {¶ 17} When a court considers a motion for summary judgment, the moving parties bear the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to any material element of the opposing parties' claims. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107. If the moving parties do so, the nonmovants "may not simply rest upon the mere allegations" of *Page 9 
their pleadings, but instead must file a "response, by affidavit or otherwise as provided" in Civ. R. 56(C), and "must set forth specific facts showing there is a genuine issue for trial." Civ. R. 56(E);Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108.
 {¶ 18} The trial court may not weigh the evidence, but instead is required to construe the evidence most strongly in the nonmoving parties' favor. Civ. R. 56(C). Questions of sovereign immunity are matters of law; therefore, "they are particularly apt for resolution by way of summary judgment ***." Natale v. Rocky River, Cuyahoga App. No. 90819, 2008-Ohio-5868, ¶ 7. See, also, Martin v. Ironton, Lawrence App. No. 07CA37, 2008-Ohio-2842, ¶ 9.
 {¶ 19} The Longleys neither alleged nor argued in this case that Cuervas operated his patrol car in a willful and wanton manner when the accident occurred. Rather, they asserted that he was either not on an "emergency call" when he stopped on the berm, or that the "emergency call" had ended when he returned to his patrol car.
 {¶ 20} The issue of whether an officer is on an "emergency call" may be determined as a matter of law "where triable questions of fact are not present." Rutledge v. O'Toole, Cuyahoga App. No. 84843,2005-Ohio-1010, ¶ 19. The term "emergency call," as defined in R.C. 2744.01(A), "involves a situation to which a *Page 10 
response by a peace officer is required by the officer's professional obligation." Colbert v. Cleveland, 99 Ohio St.3d 215, 2003-Ohio-3319, at the syllabus.
 {¶ 21} In Colbert, the supreme court included within the definition of "emergency call" a pursuit that began after the police believed they witnessed a drug deal, which is a nonviolent crime. The officers' professional response in that situation was required, whether or not the situation could be considered "inherently dangerous."
 {¶ 22} In this case, Cuervas's affidavit and his attached report proved Cuervas was on-duty, observed a situation that fell under his professional obligation as a traffic officer, and stopped to investigate. His failure to pursue this course could have constituted a "dereliction of duty." Martin v. Ironton, supra, ¶ 17, citingRutledge v. O'Toole, supra. Thus, the trial court correctly concluded that Cuervas was responding to an "emergency call" within the statutory definition.
 {¶ 23} However, the trial court wrongly determined that Cuervas's conclusion of his investigation of the motorist on the berm raised a genuine issue of fact concerning the applicability of R.C. 2744.02(B)(1)(a). This was "a distinction without a difference."Fogle v. Village of Bentleyville, Cuyahoga App. No. 88375,2008-Ohio-3660, ¶ 42. *Page 11 
 {¶ 24} Under the trial court's theory, the city would be entitled to immunity if the accident occurred when Cuervas was pulling over to investigate and when he was conducting his investigation, but not after. This court has refused to limit the definition of an "emergency call" temporally.[6] Id., ¶ 42; see, also, Williamson v. Bechtel, Cuyahoga App. No. 82463, 2003-Ohio-5385, ¶ 30. Under the circumstances of this case, Cuervas's "professional obligation" had not ended; just as he was required by his professional duty to stop, since he remained on duty, he also was required to continue on his way.
 {¶ 25} This case thus presents facts that fall within the ambit ofColbert. From the evidence provided to the trial court, appellant established a full defense to the Longleys' claim of negligence.Williamson v. Bechtel, supra; Rambus v. Toledo, Lucas App. No. L-07-1378, 2008-Ohio-4283, ¶ 17.
 {¶ 26} Appellant's assignment of error, accordingly, is sustained.
 {¶ 27} The trial court's order is reversed.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] See Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839. The plaintiffs presented other claims against other parties; those matters have been stayed pending the outcome of this appeal.
[2] Appellant's answer to the amended complaint, along with the other documents appellant filed in the case, was filed also on Cuevas's behalf.
[3] R.C. 2744.02(B)(1) provides, in pertinent part, that political subdivisions "are liable for injury *** caused by the negligent operation of a motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability: (a) A member of a municipal corporation police department *** was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct[.]"
[4] R.C. 2744.01(A) defines an "emergency call" as "a call to duty, including, but not limited to *** personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer."
[5] The Longleys did not file a cross appeal; therefore, they do not contest the trial court's dismissal of their negligence claim against Cuevas. See, Thompson v. Smith, Trumbull App. No. 2008-T-0007,2008-Ohio-5532, fn. 1.
[6] Moreover, this court notes that a motorist stopped on the berm of an interstate highway constitutes an inherently dangerous situation. *Page 1