HOWE et al., Appellees,

v.

HENRY COUNTY BOARD OF COMMISSIONERS; Henry
County Sheriff's Department et al., Appellants.

[Cite as *Howe v. Henry Cty. Bd. of Commrs.*, 167 Ohio App.3d 865, 2006-Ohio-3893.]

Court of Appeals of Ohio,
Third District, Henry County.

No. 7–06–01.

Decided July 31, 2006.

Donald E. Theis, for appellant.

Michael L. Dzienny and Theodore Gersy, for appellees.

---

ROGERS, Judge.

{¶ 1} Defendants–appellants, Deputy Sheriff Sean P. Walker and the Henry County Sheriff's Department (hereinafter referred to jointly as "appellants"), appeal a judgment of the Henry County Court of Common Pleas, denying appellants' motion for summary judgment. On appeal, appellants assert that the trial court erred in denying their motion for summary judgment, because appellants are immune under *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, as well as under R.C. 2744.02(B)(1)(a) and 2744.03(A)(6). Finding that Deputy Walker was dispatched to an emergency call of duty, we hold that appellants are immune from liability. Thus, the judgment of the trial court is reversed, and appellants' motion for summary judgment should be granted.

{¶ 2} On the morning of Saturday, March 13, 2004, Deputy Walker and Deputy Bert Wilson were on duty with the Henry County Sheriff's Department. At approximately 8:53 a.m., both Deputy Walker and Deputy Wilson were dispatched to Sky Bank in Liberty Center regarding a bank alarm. Deputy Walker acknowledged the call and responded to it, turning on his lights and siren and proceeding to the bank east on County Road U, in Henry County.

{¶ 3} In the course of responding, Deputy Walker brought his vehicle to a stop at the intersection of County Road U and State Route 108, because there was traffic at the intersection. Continuing to respond, Dispatcher Justen Vocke notified the deputies that he thought the bank alarm was going to be a false alarm. At this point, Deputy Walker slowed his speed, but proceeded to the bank with his lights and siren activated. Within minutes, Deputy Walker proceeded through the intersection of County Road U and State Route 13 at a rate of speed of approximately 20 to 25 miles an hour. While proceeding through the intersection, Deputy Walker struck the van of plaintiff-appellee, Diane Howe.

{¶ 4} In September 2004, Howe filed a complaint against appellants for the March 13, 2004 accident. In August 2005, appellants filed a motion for summary judgment, claiming that both Deputy Walker and the Henry County Sheriff's Department are immune pursuant to *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, and relevant portions of R.C. 2744.01 and 2744.03. In support of appellants' motion for summary judgment, Henry County Sheriff John Nye stated the following during a deposition:

Question: When an alarm, a bank alarm is called off as a false alarm, are the deputy sheriffs suppose to turn off their lights and their sirens?

Sheriff Nye: No.

Question: Okay. Why not?

Sheriff Nye: Policy is that they proceed to the bank anyways. Even our policy—we don't know that if, in fact, once that call comes in, the bank is—our policy is the bank is supposed to call us back to let us know if it's false or not.

Question: A code?

Sheriff Nye: Yeah. We don't know if that, if there's a robbery and they're holding a gun to somebody. They can tell them to say anything they want.

* * *

Question: If [the dispatcher] talks to the bank and they called off the alarm, are the deputies supposed to turn off their lights and sirens?

Sheriff Nye: No. They are supposed to proceed to the bank.

Question: Are they supposed to obey stop signs under those circumstances?

Sheriff Nye: Are they—they're supposed to proceed with caution. They're still going to be running hot.

Question: It changes the priority classification, doesn't it?

Sheriff Nye: As far as we're concerned, no, not that much because we don't know that that's still not an active call.

Question: Then why wouldn't the deputy dispatcher call it off?

Sheriff Nye: He didn't, he wouldn't call it off. He would say that he got a call back.

Question: That it appears to be false?

Sheriff Nye: That doesn't make the call go away. The call is still there and it's still that alarm. Our policy says you still proceed.

{¶ 5} In August 2005, appellees filed a motion in opposition to appellants' motion for summary judgment. In their motion in opposition to appellants' motion for summary judgment, appellees argued that a genuine issue of material fact remained as to appellants' immunity for the March 13, 2004 accident. Specifically, appellees cited the deposition testimony of Deputy Bert Wilson. According to Deputy Wilson's deposition testimony, Dispatcher Vocke had stated that the bank alarm was going to be false. Additionally, Deputy Wilson stated that once a bank alarm has been called back as false, the priority on the call changes from emergency to nonemergency, and at that point, officers are supposed to turn off their lights and sirens to proceed.

{¶ 6} In January 2006, the trial court denied appellants' motion for summary judgment, finding that an issue of fact remained. It is from this judgment that appellants appeal, asserting the following assignments of error for our review.

*Assignment of Error No. I*

The trial court erred in ignoring *Colbert v. Cleveland* (2003) 99 Ohio St.3d 215, 790 N.E.2d 781 and denying summary judgment to the Henry County Sheriff's Department and Deputy Sean Walker on the issue of statutory immunity under Ohio Revised Code § 2744.02(B)(1)(a) because Deputy Walker was on a "call to duty" and his operation of the vehicle was not willful or wanton misconduct.

*Assignment of Error No. II*

The trial court erred in denying summary judgment to Deputy Sean Walker because he has statutory immunity under Ohio Revised Code § 2744.03(a)(6) as his conduct was not with a malicious purpose, in bad faith or wanton recklessness.

*Assignment of Error No. I*

{¶ 7} In the first assignment of error, appellants assert that they are immune from liability pursuant to *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, and that Deputy Walker is immune from liability pursuant to R.C. 2744.02(B)(1).

{¶ 8} An appellate court reviews a summary-judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172, 175, 722 N.E.2d 108. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, 774 N.E.2d 775, at ¶ 25, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 222, 631 N.E.2d 150. Summary judgment is appropriate when, looking at the evidence as a whole, (1) there is no genuine issue as to any material fact, (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138.

{¶ 9} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. *State ex rel. Burnes v. Athens Cty. Clerk of Courts* (1998), 83 Ohio St.3d 523, 524, 700 N.E.2d 1260; see, also, *Dresher v. Burt* (1996), 75

Ohio St.3d 280, 293, 662 N.E.2d 264. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue and may not rest on the mere allegations or denials of the pleadings. Id.

■ {¶ 10} Under R.C. 2744.02(B)(1), a political subdivision may be held liable for injuries caused by an employee's negligent operation of a motor vehicle when the employee is engaged in the scope of his or her employment. However, a political subdivision will not be liable for damages caused by a police officer's negligent operation of a motor vehicle if the officer was responding to an emergency call at the time of the accident and his or her operation of the vehicle did not constitute willful or wanton misconduct. R.C. 2744.02(B)(1)(a); *Colbert,* 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 10; *Rahn v. Whitehall* (1989), 62 Ohio App.3d 62, 65–66, 574 N.E.2d 567; *Rodgers v. DeRue* (1991), 75 Ohio App.3d 200, 202, 598 N.E.2d 1312.

{¶ 11} The Ohio Revised Code defines an "emergency call as a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." R.C. 2744.01(A). In *Colbert v. Cleveland,* 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, the Ohio Supreme Court clarified and broadened this definition, stating that an "emergency call" is a call to duty that involves a situation to which a response by a peace officer is required by the officer's professional obligation; the situation need not be inherently dangerous to demand a response by the officer. Id. at ¶ 14.

{¶ 12} *Colbert* defined "duty" as "obligatory tasks, conduct, service, or functions enjoined by order or usage according to rank, occupation, or profession." Id. at ¶ 13, citing Webster's Third New International Dictionary (1986) 705. The court further held that the remaining terms found in R.C. 2744.01(A), *"including, but not limited to,* communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer" constitute a nonexhaustive list of immune conduct. (Emphasis sic.) Id. at ¶ 14, citing *State v. Thompson* (2001), 92 Ohio St.3d 584, 588, 752 N.E.2d 276, quoting *State v. Lozano* (2001), 90 Ohio St.3d 560, 562, 740 N.E.2d 273.

■ {¶ 13} The issue of whether an officer is on an emergency call may be determined as a matter of law when triable questions of fact are not present. *Lewis v. Bland* (1991), 75 Ohio App.3d 453, 457, 599 N.E.2d 814; see, also, *McGuire v. Lovell* (1998), 128 Ohio App.3d 473, 715 N.E.2d 587 (officer responding to a burglary in progress); *Gould v. Britton* (Jan. 30, 1992), 8th Dist. No. 59791, 1992 WL 14925 (police officer responding to the location where a shooting suspect had been seen); *Herd v. Shaker Hts.* (May 17, 1990), 8th Dist. No. 57001,

1990 WL 66443 (officer responding to an aggravated robbery in progress at a Pizza Hut).

{¶ 14} As noted above, all parties testified that Deputies Walker and Wilson had been dispatched in response to the bank alarm, which is an emergency call. This clearly falls within the definitions set forth under both R.C. 2744.01(A) and *Colbert,* 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781. Appellees, however, assert that the dispatcher's subsequent contact with the deputies creates a material issue of fact as to whether, at the time of the accident, Deputy Walker was engaged in an emergency call to duty. We acknowledge Deputy Wilson's testimony that the dispatcher's communication that he thought the bank alarm was false "lowered" the priority of the call. However, Deputy Wilson nonetheless testified that response was still required. Additionally, the dispatcher's statement that he thought that the bank alarm was false did not cancel this call. As discussed by Sheriff Nye, the dispatch is still treated as an emergency because of the risk that a bank employee's answer to the dispatcher on the phone could be coerced.

{¶ 15} Regardless of the call's priority, the officers had been dispatched in response to an emergency call to duty. Furthermore, while the dispatcher may have given the deputies further information about the original dispatch, the deputies were still under that original call to duty, because the call had not been cancelled. Accordingly, based upon the facts provided, we find that appellants are immune from liability pursuant to *Colbert,* 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, and that Deputy Walker is immune from liability pursuant to R.C. 2744.02(B)(1). Thus, the first assignment of error is sustained and appellants are entitled to summary judgment as a matter of law.

### Assignment of Error No. II

{¶ 16} In the second assignment of error, appellants assert that the trial court erred in granting summary judgment to Deputy Walker because he did not act with a malicious purpose, in bad faith, or in a wanton or reckless manner, pursuant to R.C. 2744.03(A)(6).

{¶ 17} Having found that Deputy Walker is immune from liability pursuant to R.C. 2744.02(B)(1), we find that the second assignment of error has been rendered moot. App.R. 12(A)(1)(c).

{¶ 18} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BRYANT, P.J., and CUPP, J., concur.