[Cite as *Taylor v. Cleveland*, 2012-Ohio-3369.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97597

# TIVANNI M. TAYLOR, ET AL.

### PLAINTIFFS-APPELLEES

vs.

# CITY OF CLEVELAND, ET AL.

### DEFENDANTS-APPELLANTS

## JUDGMENT:
## AFFIRMED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-730639

**BEFORE:**    Boyle, P.J., Sweeney, J., and Jones, J.

**RELEASED AND JOURNALIZED:**    July 26, 2012

**ATTORNEYS FOR APPELLANTS**

Barbara A. Langhenry
Interim Director of Law
Catherine Ma
Assistant Director of Law
Room 106-City Hall
601 Lakeside Avenue
Cleveland, Ohio    44114-1077


**ATTORNEY FOR APPELLEES**

Thomas J. Silk
Obral, Silk & Associates
1370 Ontario Street
1520 Standard Building
Cleveland, Ohio    44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, city of Cleveland ("City"), appeals from a trial court judgment denying its motion for summary judgment on the basis of political subdivision immunity. It raises four assignments of error for our review:

"[1.] The trial court erred in holding that Officer Roger Prettyman was not responding to an emergency call when he was responding to a call to duty to transport a prisoner to the hospital as part of his professional obligation.

"[2.] The trial court erred in holding that there was a question of fact as to whether Officer Prettyman's actions constituted willful and wanton misconduct.

"[3.] The trial court erred in holding that [R.C.] 4511.03(A) did not apply to the facts in this case.

"[4.] The trial court erred in holding that appellee's newly-pleaded claim in the re-filed complaint of wanton or willful misconduct is not time-barred."

{¶2} Although we find some merit to the City's appeal, we affirm the trial court's denial of the City's summary judgment motion and remand.

Procedural History and Factual Background

{¶3} In April 2007, plaintiff-appellee, Tivanni Taylor, was driving east on Prospect Avenue in Cleveland, Ohio when she was involved in a collision at the intersection of Prospect Avenue and East 30th Street with a City police vehicle operated by Officer Roger Prettyman. Officer Prettyman was driving south on East 30th Street.

There is a flashing light at this intersection. It is undisputed that the light was flashing yellow in Taylor's favor and flashing red for Officer Prettyman. It is undisputed that Officer Prettyman did not stop at the intersection nor did he activate his lights or sirens as he drove through the intersection. At the time of the collision, Officer Prettyman was transporting a prisoner to the hospital for medical treatment in response to orders received from police dispatch.

{¶4} Taylor and her minor daughter filed a complaint against the City in March 2009, but voluntarily dismissed it seven months later. Taylor and her minor daughter refiled their complaint against the City in June 2010, alleging, inter alia, that Officer Prettyman failed to stop his vehicle when he could see that danger to Taylor was imminent and operated his vehicle at excessive speed. Taylor claimed that the City was liable because of the alleged negligent or willful and wanton operation of a vehicle by Officer Prettyman.

{¶5} The City moved for summary judgment, arguing that it was entitled to the protection of immunity under R.C. Chapter 2744. Taylor filed a brief in opposition. The trial court found in favor of Taylor. It is from this judgment that the City filed an interlocutory appeal according to *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, syllabus, claiming the trial court denied it the benefit of immunity.

Summary Judgment Standard

{¶6} An appellate court reviews a decision granting summary judgment on a de novo basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241

(1996).   Summary judgment is properly granted when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.   *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

## R.C. Chapter 2744

{¶7}   The Supreme Court set forth a three-tiered analysis to determine whether a political subdivision is immune from tort liability: the first tier is to establish immunity under R.C. 2744.02(A)(1); the second tier is to analyze whether any of the exceptions to immunity under R.C. 2744.02(B) apply; if so, then under the third tier, the political subdivision has the burden of showing that one of the defenses of R.C. 2744.03 applies. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998); *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10-12. If a defense applies, then immunity is reinstated.   *Id.*

{¶8}   R.C. 2744.02(A)(1) provides a general grant of immunity as follows: "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."   A governmental function includes "provision or nonprovision of police."   R.C. 2744.01(C)(2)(a).

{¶9} R.C. 2744.02(B) lists five exceptions to the general immunity granted to political subdivisions under R.C. 2744.02(A)(1). *See Ryll v. Columbus Fireworks Display Co.*, 95 Ohio St.3d 467, 470, 2002-Ohio-2584, 769 N.E.2d 372, ¶ 25. The subsection pertinent to this case, R.C. 2744.02(B)(1), subjects a political subdivision to liability for "negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority."

{¶10} But a political subdivision is entitled to a "full defense" against liability for an employee's negligent operation of a motor vehicle if (1) a "member of a municipal corporation police department" was operating a motor vehicle while responding to an emergency call, and (2) the operation of the vehicle did not constitute willful or wanton misconduct. R.C. 2744.02(B)(1)(a).

## Emergency Call

{¶11} In its first assignment of error, the City argues that the trial court erred when it found that Officer Prettyman was not responding to an emergency call. We agree.

{¶12} The issue of whether an officer is on an "emergency call" may be determined as a matter of law where triable questions of fact are not present. *Howe v. Henry Cty. Commrs.*, 167 Ohio App.3d 865, 2006-Ohio-3893, 857 N.E.2d 664, ¶ 13, citing *Lewis v. Bland*, 75 Ohio App.3d 453, 457, 599 N.E.2d 814 (1991).

{¶13} R.C. 2744.01(A) defines "emergency call" as "a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal

observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer."

**{¶14}** The Ohio Supreme Court defined "call to duty" to mean "obligatory tasks, conduct, service, or functions enjoined by order or usage according to rank, occupation, or profession." *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 13, citing *Webster's Third New International Dictionary* 705 (1986). Thus, the Supreme Court did not limit calls to duty to "inherently dangerous" situations. *Id.* at ¶ 13-14. Instead, it adopted a broad interpretation of "call to duty" and stated that it included situations "to which a response by a peace officer is required by the officer's professional obligation." *Id.*

**{¶15}** In *Rutledge v. O'Toole*, 8th Dist. No. 84843, 2005-Ohio-1010, a police officer was told by his supervisor to transport an arrestee to another jurisdiction. During transport, the officer pulled into an intersection and his police cruiser was struck by a drunk driver. The arrestee was injured in the accident and brought suit against the drunk driver, the officer, and the city. This court held that the city was immune from liability, reasoning:

> We find that the transport of an arrestee to another jurisdiction constitutes an "emergency call," given the wording of R.C. 2744.01(A) and the Ohio Supreme Court's definition in *Colbert*. Using the same reasoning applied by the Ohio Supreme Court in *Colbert*, which concluded that an "emergency call" need not be an "inherently dangerous" situation, we hold an immediate or exigent circumstance is not needed to constitute an "emergency call" in a transport situation. During a transport, an officer is responding to a call to duty, fulfilling his professional obligation.

*Id.* at ¶ 25.

{¶16} Taylor contends that Officer Prettyman was not on an emergency call. She cites to *Spain v. Bentleyville*, 8th Dist. No. 92378, 2009-Ohio-3898, in support of her argument. But *Spain* is distinguishable from the instant case. In *Spain*, the police officer was on basic, routine patrol; he was not responding to a police dispatch. *Id.* at ¶ 12. This court even explained in *Spain* that if the officer had been responding to a police dispatch, such as transporting a prisoner, we would have found that he was responding to an emergency call for purposes of political subdivision immunity. *Id.* at ¶ 11, citing *Rutledge*, 2005-Ohio-1010, and *Rambus v. Toledo*, 6th Dist. No. L-07-1378, 2008-Ohio-4283.

{¶17} Accordingly, we conclude that in this case, the trial court erred when it determined that Officer Prettyman was not responding to an emergency call. Officer Prettyman was transporting a prisoner, fulfilling his professional obligation. Thus, as a matter of law, Officer Prettyman was responding to an emergency call for purposes of political subdivision immunity.

{¶18} The City's first assignment of error is sustained.

<u>Willful and Wanton Misconduct</u>

{¶19} The City's second and third assignments of error are related, and thus, will be addressed together. In its second assignment of error, the City argues that the trial court erred when it found that genuine issues of material fact remain regarding whether Officer Prettyman operated his vehicle in a wanton or willful manner. In its third assignment of error, the City contends that the trial court erred when it found that R.C.

4511.03 did not apply to the facts of this case because under this statute, Officer Prettyman did not have to stop at the intersection.[1]

{¶20} "Wanton misconduct" has been defined as "the failure to exercise any care toward one to whom a duty of care is owed when the failure occurs under circumstances for which the probability of harm is great and when the probability of harm is known to the tortfeasor." *Brockman v. Bell*, 78 Ohio App.3d 508, 515, 605 N.E.2d 445 (1st Dist.1992).

{¶21} "Willful misconduct * * * implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposely doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." *Id.*

{¶22} Typically, issues regarding wantonness or willfulness are questions for the jury to decide; however, the standard for showing such conduct is high. *Cunningham v. Akron*, 9th Dist. No. 22818, 2006-Ohio-519, ¶ 24. Thus, when the facts presented show that reasonable minds could not conclude that the conduct at issue meets that high standard, a court may determine that such conduct is not willful or wanton as a matter of law and that determination is made considering the circumstances of each case. *Ybarra*

---

[1] R.C. 4511.03(A) provides "[t]he driver of any emergency vehicle or public safety vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."

*v. Vidra*, 6th Dist. No. WD-04-061, 2005-Ohio-2497, ¶ 10, citing *Reynolds v. Oakwood*, 38 Ohio App.3d 125, 127, 528 N.E.2d 578 (2d Dist.1987).

{¶23} According to an authenticated police report attached to the City's summary judgment motion, Officer Prettyman stated at the scene that he was driving south on East 30th Street as he approached the intersection at Prospect Avenue. He said that he "slowed as he entered the intersection at Prospect Avenue did not observe any traffic, [and] continued operating through the intersection."

{¶24} Officer Darryl Moore, who was a passenger in Officer Prettyman's vehicle, stated that "we approached what seem[ed] to be a 4-way light at Prospect Ave." Officer Moore further explained that they "approached with cautio[n] and continued across the intersection."

{¶25} Taylor responded to the City's motion for summary judgment by attaching her own affidavit, as well as Ronald Richardson's affidavit. Richardson was the prisoner officers Prettyman and Moore were transporting to the hospital when the collision occurred. Taylor averred that she was traveling "at or below the posted speed limit" when she approached the intersection of Prospect Avenue and East 30th Street. Having a flashing yellow light in her favor, she proceeded with caution through the intersection. As she did, she said that she saw "another vehicle approaching from [her] left at what appeared to be a high rate of speed." Taylor further averred that the vehicle "did not stop at the intersection, but travelled through the intersection, again, at what appeared to be a high rate of speed."

{¶26} Richardson averred that "Officer Prettyman did not stop or otherwise slow down at the intersection and proceeded through the intersection." Richardson further averred that "it is clear that the police officer did not slow or stop for the flashing red traffic signal, and this was the cause of the accident."

{¶27} After reviewing the record before us, we agree with the City that R.C. 4511.03(A) applies to the facts of this case. Officer Prettyman did not have to stop at the intersection because he was on an emergency call. But under this statute, he was still required to "slow down as necessary for safety to traffic," and "proceed cautiously past such red [light] or stop sign or signal with due regard for the safety of all persons using the street or highway." Viewing the facts in the present case in the light most favorable to Taylor, this court finds that questions of fact remain as to whether Officer Prettyman heeded the cautions set forth in R.C. 4511.03(A) or whether he traveled through the intersection at a high rate of speed, without slowing down. According to officers Prettyman and Moore, Officer Prettyman approached the intersection with caution. Taylor and Richardson, however, claim that Officer Prettyman was traveling at a high rate of speed and did not slow down as he traveled through the intersection. Based upon these conflicting facts, we conclude that it is for a jury to determine whether Officer Prettyman operated his vehicle in a willful or wanton manner.

{¶28} We acknowledge that this court has already ruled in favor of the City regarding a complaint against it based on this exact incident. Breon Stevenson, a passenger in Taylor's vehicle when it collided with Officer Prettyman's police cruiser,

brought an action against the City and Officer Prettyman. *See Stevenson v. Prettyman*, 193 Ohio App.3d 234, 2011-Ohio-718, 951 N.E.2d 794 (8th Dist.). In *Stevenson*, the trial court had denied the City's and Officer Prettyman's summary judgment motion on the basis of sovereign immunity. This court reversed because we found that "after reviewing the record, * * * Stevenson failed to meet her reciprocal burden of setting forth a genuine issue of material fact regarding whether Officer Prettyman's actions were wanton and reckless." *Id.* at ¶ 52. We found it significant that Stevenson did not counter Officer Prettyman's statements that he proceeded cautiously through the intersection. We further pointed that Stevenson did not "even claim that [Officer Prettyman] was traveling at a high rate of speed through the intersection, or even mention his speed at all." *Id.* at ¶ 48. Here, however, Taylor has not only presented her own affidavit asserting that Officer Prettyman was traveling at a high rate of speed, but has also submitted Richardson's affidavit stating that Officer Prettyman did not slow down as he proceeded through the intersection.

{¶29} Accordingly, we overrule the City's second assignment of error. And although we agree with the City that R.C. 4511.03(A) applies to the facts of this case, we overrule its third assignment of error and conclude that genuine issues of material fact remain as to whether Officer Prettyman proceeded through the intersection with caution or at a high rate of speed.

<u>Statute of Limitations</u>

**{¶30}** In its fourth assignment of error, the City raises the defense of statute of limitations. This court, however, does not have jurisdiction to address the City's arguments regarding its statute of limitations defense. *Riscatti v. Prime Properties Ltd. Partnership*, 8th Dist. Nos. 97270 and 97274, 2012-Ohio-2921, ¶ 20.

**{¶31}** Judgment denying the City's motion for summary judgment is affirmed and remanded.

It is ordered that appellees and appellants share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
LARRY A. JONES, SR., J., CONCUR