[Cite as *Gilbert v. Cleveland*, 2013-Ohio-5317.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 99699

---

# BONNIE GILBERT, ADMIN., ETC., ET AL.

PLAINTIFFS-APPELLEES

vs.

# CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-774595

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 5, 2013

**ATTORNEYS FOR APPELLANT**

Barbara Langhenry
Director of Law

By:     Gary S. Singletary
        Jennifer Meyer
Assistant Directors of Law
Cleveland City Hall, Room 106
601 Lakeside Avenue
Cleveland, OH    44114-1077


**ATTORNEYS FOR APPELLEES**

**For Bonnie Gilbert, et al.**

Michael J. O'Shea
Ronald A. Annotico
Lipson O'Shea Legal Group
Beachcliff Market Square
19300 Detroit Road, Suite 202
Rocky River, OH    44116

Stephen J. Charms
Charms and Giusto, L.L.C.
1892 Dunellon Drive
Lyndhurst, OH    44124

**For John Cotner**

Ernest L. Wilkerson, Jr.
Jamie L. Snow
Wilkerson & Associates Co., L.P.A.
1422 Euclid Avenue
Suite 248
Cleveland, OH    44115

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant city of Cleveland ("the City") appeals the decision of the Cuyahoga County Court of Common Pleas that denied its motion for summary judgment against plaintiffs-appellees Bonnie Gilbert, individually, on behalf of her two minor children and as administrator for the estate of George Gilbert and Jonathan Gilbert. For the following reasons, we affirm the decision of the trial court.

{¶2} On November 22, 2009, Cleveland police officer John Cotner was involved in a motor vehicle accident with decedent George Gilbert on Interstate 71 near the 176 entrance ramp. Gilbert's vehicle had run out of gas and Gilbert was outside of the vehicle with the driver's side door open, attempting to push the vehicle from the left and middle lanes to the right berm of the Interstate.[1] Cotner testified that he was traveling southbound in the left lane of Interstate 71 behind a full size SUV that was obstructing his view. The SUV swerved and Gilbert suddenly became visible to officer Cotner who was unable to avoid a collision with Gilbert's vehicle. Gilbert was severely injured as a result of the collision and died on August 10, 2010, allegedly as a result of the injuries sustained in the accident.

{¶3} Appellees filed suit against the City and Cotner alleging negligence,

---

[1]This portion of I-71 was a three lane highway.

wanton, willful, malicious, reckless and bad faith conduct, wrongful death, survivorship and loss of consortium and emotional distress. The City filed a motion for summary judgment asserting that it was entitled to immunity pursuant to R.C. Chapter 2744. The trial court denied the City's motion for summary judgment and the City appeals, asserting the following sole assignment of error:

> The trial court erred in denying summary judgment to the City of Cleveland pursuant to R.C. 2744.02(B)(1)(a) as City police officer John Cotner establishes that he was operating his police vehicle in response to a call to duty in the enforcement of the City's traffic laws.

{¶4} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶5} The City qualifies as a political subdivision for purposes of establishing

immunity under R.C. 2744.02(A)(1). That immunity may be negated under R.C. 2744.02(B)(1), which provides that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority." However, an exception exists under R.C. 2744.02(B)(1)(a) when

> [a] member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct.

{¶6} It is undisputed that Cotner was within the course and scope of his employment as a Cleveland police officer at the time of the motor vehicle accident. However, the parties dispute whether Cotner was responding to an emergency call at the time of the accident and whether his actions constitute willful or wanton misconduct.

{¶7} Cotner testified that prior to the motor vehicle accident, he was traveling at 60 m.p.h. in the middle lane of I-71 when an SUV sped past him in the left lane. Cotner believed the driver of the SUV was speeding so he pulled behind the SUV and sped up to catch it for the purpose of "pacing" it in order to determine its speed. To pace the vehicle, Cotner drove to within approximately three car lengths. The record indicates that Cotner's speed reached 73 m.p.h. at this time. The speed limit for the relevant portion of I-71 was 60 m.p.h. Cotner claimed that he was attempting to maintain a constant distance between his vehicle and the SUV to begin "pacing" and determine the SUV's speed when the motor vehicle accident with Mr. Gilbert occurred.

**{¶8}** An "emergency call" is defined under R.C. 2744.01(A) as

a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer.

The Ohio Supreme Court has held that an "emergency call" under R.C. 2744.01(A) is not limited to "those calls to duty that concern inherently dangerous situations." *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 11. Instead, "an 'emergency call' * * * involves a situation to which a response by a peace officer is required by the officer's professional obligation." *Id*. at ¶ 15. The inquiry "turns on whether an officer was acting pursuant to a call to duty at the time of the accident." *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 21.

**{¶9}** The issue of whether an officer is on an "emergency call" may be determined as a matter of law when there are no triable questions of fact present. *Rutledge v. O'Toole*, 8th Dist. Cuyahoga No. 84843, 2005-Ohio-1010, ¶ 19; *Howe v. Henry Cty. Commrs.*, 167 Ohio App.3d 865, 2006-Ohio-3893, 857 N.E.2d 664, ¶ 13 (3d Dist.).

**{¶10}** We agree with the City's position that when an officer observes a vehicle which he believes to be speeding and engages in the practice of "pacing" for the purpose of ascertaining the suspect driver's speed, such officer is responding to a situation to which response by a peace officer is required by the officer's professional obligation and acting pursuant to a call to duty. However, in the present instance, a genuine issue of

material fact exists as to whether Cotner was, in fact, engaged in pacing at the time of the subject accident.

{¶11} Although Cotner maintained during his deposition that he was pacing an SUV at the time of the accident, the accident reports from the time of the accident, including Cotner's own prepared statement of what occurred, fail to make any mention of pacing. The trial court found that the absence of official documentation of "pacing" in the accident reports raised a question of fact as to how the accident occurred and if Cotner was engaged in pacing. We agree.

{¶12} The City cites *Kintyhtt v. Barberton*, 9th Dist. Summit No. 22468, 2005-Ohio-3799, wherein the Ninth District held that a police officer's failure to invoke the "call to duty" defense in the police report did not, in and of itself, create a genuine issue of material fact for trial where the officer later raised the defense in an affidavit in support of summary judgment. The court stated, "[w]e fail to find any support for the proposition that a police report's silence on what is in essence a conclusion of law generates a material dispute of fact." *Id*. at ¶ 15. However, the dissent in *Kintyhtt* noted that the majority was providing complete deference to the officer's affidavit and found a direct conflict between the affidavit and the officer's silence at the time of the accident. *Id*. at ¶ 23-25.

{¶13} We find the rationale of the dissent in *Kintyhtt* to be persuasive. Furthermore, unlike *Kintyhtt*, the issue here was not a failure by Cotner to assert a conclusion of law in the accident reports at the time of the accident. Cotner's conduct

in pacing the SUV, if that is in fact what occurred, is a purely factual matter rather than a legal conclusion. Furthermore, it is the *most important fact* in explaining what caused this motor vehicle accident. The fact that no mention of it is made in any of the accident reports, including Cotner's own account, until Cotner's self-serving deposition testimony during litigation creates a genuine issue of material fact.

{¶14} Our conclusion that a genuine issue of material fact exists in this case is consistent with Ohio case law and our own prior decisions. *See*, *e.g., Malone v. Torres*, 8th Dist. Cuyahoga No. 92878, 2010-Ohio-157 (holding that exclusive reliance on a police officer's self-serving testimony to establish the existence of an emergency is insufficient for granting summary judgment); *Horton v. Dayton*, 53 Ohio App.3d 68, 558 N.E.2d 79 (2d Dist.1988) (finding a genuine issue of material fact where in contrast to police officer's testimony regarding an emergency call situation there was no reference to a dispatch on the officer's radio card); *Killilea v. Sears*, 27 Ohio App.3d 163, 499 N.E.2d 1291 (10th Dist.1985), holding that

> [i]f an issue is raised on summary judgment, which manifestly turns on the credibility of the witness because his testimony must be believed in order to resolve the issue, and the surrounding circumstances place the credibility of the witness in question — for example, where the potential for bias and interest is evident — then, the matter should be resolved at trial, where the finder of facts has an opportunity to observe the demeanor of the witness.

{¶15} Furthermore, we find that a genuine issue of material fact remains regarding whether Cotner's conduct constitutes willful or wanton misconduct pursuant to R.C. 2744.02(B)(1)(a). The Ohio Supreme Court in *Anderson v. Massillon*, 134 Ohio

St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, has defined "willful" and "wanton" misconduct as follows:

> 2. Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury. (*Tighe v. Diamond*, 149 Ohio St. 520, 80 N.E.2d 122 (1948), approved and followed.)

> 3. Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result. (*Hawkins v. Ivy*, 50 Ohio St.2d 114, 363 N.E.2d 367 (1977), approved and followed).

*Id*. at paragraphs two and three of the syllabus.[2]

**{¶16}** Typically, issues regarding wantonness or willfulness are questions for the jury to decide; however, the standard for showing such conduct is high. *Taylor v. Cleveland*, 8th Dist. Cuyahoga No. 97597, 2012-Ohio-3369, ¶ 22, citing *Cunningham v. Akron*, 9th Dist. Summit No. 22818, 2006-Ohio-519, ¶ 24. Thus, when the facts presented show that reasonable minds could not conclude that the conduct at issue meets that high standard, a court may determine that such conduct is not willful or wanton as a matter of law and that determination is made considering the circumstances of each case. *Id*., citing *Ybarra v. Vidra*, 6th Dist. Wood No. WD-04-061, 2005-Ohio-2497, ¶ 10.

**{¶17}** Appellees argue that officer Cotner's actions violated R.C. 4511.21(A) and

---

[2] The court in *Anderson* also held that "[w]hen the General Assembly used the terms 'willful' or 'wanton' in R.C. 2744.02(B)(1)(b) to deny a full defense to liability for a political subdivision and the terms wanton or reckless in R.C. 2744.03(A)(6)(b) to remove the immunity of an employee of the political subdivision, it intended different degrees of care." *Id*. at ¶ 36.

4511.041, which pertain to operating a motor vehicle at a speed that allows for an assured clear distance ahead and an exception to that rule for a driver responding to an emergency call while utilizing or displaying lights and giving an audible signal.

{¶18}   We note that the violation of a statute, ordinance, or departmental policy enacted for the safety of the public is not per se willful, wanton, or reckless conduct, but may be relevant to determining the culpability of a course of conduct.   *Anderson*.   As discussed above, a question of fact exists as to whether Cotner was engaged in pacing. However, even if we were to assume that officer Cotner was engaged in pacing, the inquiry does not end with labeling an act "pacing."   The degree of danger associated with pacing can vary dramatically depending upon the attendant circumstances.   For example, pacing four car lengths behind a small vehicle traveling 30 m.p.h. in a 25 m.p.h. zone is a dramatically different act from pacing two car lengths behind a large vehicle traveling 90 m.p.h. in a 65 m.p.h. zone.   The danger to the public commensurate with the two acts is not comparable.

{¶19}   In regard to the circumstances of the "pacing" in this case, appellee offered the expert opinion of an accident reconstructionist who stated:

> Officer Cotner testified that he moved behind the SUV to pace the SUV, and he was maybe 3 car lengths behind the SUV.  A Crown Victoria cruise[r] is almost 18' long, so 3 lengths would be approximately 54'. One of the first things a driver usually does when he or she spots a cruise[r] is to hit the breaks, sometimes even when they are not speeding. Traveling between 60 and 73 miles per hour and reacting to break lights in front of his cruiser and using an average perception and reaction time of 1.5 seconds, Officer Cotner's cruise[r] would travel between 131' to 160' before his cruiser breaks would begin to decelerate the car.   Had the SUV

break [sic] checked Officer Cotner, or slowed rapidly, his cruiser would have slammed the SUV in the rear end. By his own admissions, Officer Cotner stated he could not see in front of the SUV. So now he is tailgaiting [sic] and driving blindly behind the SUV. It is the opinion of this Examiner that for Officer Cotner to properly pace this alleged speeding SUV, Officer Cotner's cruiser should have been at a minimum 1.5 seconds, preferably 2 seconds behind the SUV.

{¶20} Under the present circumstances, we find that a genuine issue of material fact exists as to whether Cotner's actions constituted willful or wanton misconduct.

{¶21} Appellant's assignment of error is overruled.

{¶22} The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR