[Cite as *Robinson v. Cleveland*, 2024-Ohio-969.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MALIK D. ROBINSON, ET AL., | : | |
| | | No. 112798 |
| Plaintiffs-Appellees, | : | |
| v. | : | |
| CITY OF CLEVELAND, ET AL. | : | |
| Defendants-Appellants. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** March 14, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-961601

### *Appearances:*

Kats Law, LLC, Brian P. Scherf, and Sergey K. Kats, *for appellees*.

Mark D. Griffin, Cleveland Director of Law, William M. Menzalora, Assistant Director of Law, and Affan Ali, Assistant Director of Law, *for appellants*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant City of Cleveland police officer Darrin Hunt ("Hunt") and defendant-appellant the City of Cleveland ("the city") (collectively "the defendants") appeal the trial court's denial of their motion for summary judgment

filed against plaintiffs-appellees Malik Robinson ("Robinson") and Michael T. Jones ("Jones"). For the following reasons, we affirm and remand for further proceedings.

**Factual and Procedural History**

{¶ 2} This case stems from an automobile accident on April 5, 2020, that involved Hunt's police car and Jones's vehicle at the intersection of Cedar Avenue and East 71st Street in Cleveland, Ohio. At the time of the accident, Robinson was driving Jones's 2008 Volvo SUV westbound on Cedar Avenue, with Jones as a passenger, and Hunt was driving his police car northbound on East 71st Street, in the course and scope of his employment with the Cleveland Division of Police.

{¶ 3} Robinson testified that he drove 35 miles per hour as he entered the intersection of East 71st Street on a green light. Robinson testified that he observed a police car traveling northbound on East 71st Street stopped at the intersection due to the red light. The police car did not have sirens or emergency lights engaged. Robinson testified that as the Volvo SUV entered the intersection, it was struck by the police officer's vehicle:

> We was like just crossing into the intersection. It happened so fast. As soon as we crossed into the intersection, it was just like boom, but we had the right-of-way, green light, the whole time, never had a red light.

Robinson, tr. 18. Jones testified that as the Volvo drove through the intersection, "the police officer just sped through the light and ripped off the front of the truck." Jones, tr. 15. Jones was unable to state the speed Robinson was traveling at the time of the accident. Jones testified that he did not know if the police car was stopped at the traffic light, and he could not state when he first observed the police car.

**{¶ 4}** At the time of the accident, Hunt was a two-year veteran of the Cleveland Division of Police.[1] Hunt testified that he was traveling northbound on East 71st Street in response to an automobile accident but he could not recall the address where he was headed. Hunt testified that he had a red light at the intersection of Cedar Avenue and East 71st Street and conceded he had not engaged his emergency lights or sirens prior to entering the intersection. Hunt testified that he scanned the intersection by looking to the left, to the right, and straight ahead "but obviously, [he] didn't look good [sic] enough." Hunt, tr. 11.

**{¶ 5}** Hunt testified that he should have had his emergency lights engaged prior to entering the intersection on a red light, and he stated he did not initiate his emergency lights because he "quickly scanned [the] intersection." Hunt, tr. 11. Hunt testified that his actions caused the automobile accident and there were no defensive actions Robinson and Jones could have employed to avoid the accident.

**{¶ 6}** Hunt testified that he had previously responded to automobile accidents in his capacity as a police officer. Hunt also testified that he had been trained at the police academy to initiate his emergency lights and sirens and to "look through the intersection" when approaching an intersection. Tr. 11. Hunt denied his actions were reckless but characterized them as careful because he scanned the

---

[1] Following the April 5, 2020 automobile accident, Hunt remained as a police officer with the Cleveland Division of Police until 2022, when he transferred to the Warrensville Heights Police Department. In 2022, Hunt's employment with the Warrensville Heights Police Department ended, and at the time of his discovery deposition in January 2023, Hunt was employed as a Greater Regional Transit Authority ("RTA") bus operator in training to obtain his commercial driver's license.

intersection prior to driving through it. Due to the accident with Robinson and Jones, Hunt was suspended from work for two days.

{¶ 7} Robinson and Jones described the impact between their vehicle and the police car as severe. The Volvo SUV that Robinson drove allegedly sustained property damage, and Robinson and Jones allegedly sustained personal injuries in the accident.

{¶ 8} On April 5, 2022, Robinson and Jones filed suit against the city and Hunt.[2] On July 26, 2022, the defendants filed an answer with affirmative defenses including political subdivision tort liability and immunity under R.C. 2744.01. On February 24, 2023, the defendants filed a motion for summary judgment. The motion was fully briefed, and on May 24, 2023, the trial court denied the motion with this judgment entry:

> The court finds that defendants city of Cleveland and Officer Hunt have not proven they are afforded immunity as to plaintiffs['] claims pursuant to R.C. 2744.02(a)(1). The exception to political subdivision immunity in section R.C. 2744.02(b)(1) "negligent operation of a motor vehicle" applies herein.
>
> Per, R.C. 2744.02(b)(1)(a), if the accident occurs as a police officer is responding to an emergency call, and the operation of the vehicle does not constitute willful or wanton misconduct, then immunity remains.
>
> A genuine issue of material fact remains as to whether Officer Hunt was responding to an emergency call. The record does not contain sufficient evidence to prove Officer Hunt was responding to an emergency call. Self[-]serving statements by defendant Hunt and his counsel in briefing are insufficient. *See Hubbard v. Shaffer*, 8th Dist. Cuyahoga No. 89870, 2008-Ohio-1940. The city has not proven it is

---

[2] The complaint also named the Ohio Attorney General's Office as a party defendant. The Ohio Attorney General's Office was not subject to the defendants' motion for summary judgment nor is it a party to this appeal.

immune from the liability imposed by R.C. 2744.02(b)(1) for the alleged negligence because an issue of material fact remains as to whether Officer Hunt was responding to an emergency call. Accordingly, defendants' motion for summary judgment on Count's 1-4 of the plaintiffs' complaint pursuant to [Civ.]R. 56 is denied.

Judgment entry, May 24, 2023.

{¶ 9} On August 2, 2023, the city and Hunt filed an appeal from the trial court's May 24, 2023 order and presented two assignments of error:

Assignment of Error I: The trial court erred as a matter of law when it denied the City of Cleveland's motion for summary judgment based on statutory immunity.

Assignment of Error II: The trial court erred as a matter of law when it denied Darrin Hunt's motion for summary judgment based on statutory immunity.

## Legal Analysis

## City of Cleveland

{¶ 10} In the defendants' first assignment of error, they argue that the trial court erred when it denied the motion for summary judgment on behalf of the city. Specifically, the defendants argue that the city was immune from liability pursuant to R.C. 2744.02(A)(1) and, therefore, entitled to a grant of summary judgment.

{¶ 11} Before a trial court grants a motion for summary judgment, pursuant to Civ.R. 56(C), the court must determine that

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶ 12} On a motion for summary judgment, the moving party's initial burden is to identify specific facts in the record that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party does not satisfy this burden, summary judgment is not appropriate. If the moving party meets the burden, the nonmoving party has a reciprocal burden to point to evidence of specific facts in the record that demonstrate the existence of a genuine issue of material fact for trial. *Id.* at 293. Where the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 13} An appellate court applies a de novo standard when reviewing a trial court's decision on summary judgment. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758, 90 N.E.3d 321, ¶ 11 (8th Dist.). A de novo review is an independent review, without any deference to the trial court's determination. *State v. Buehner*, 8th Dist. Cuyahoga No. 109699, 2021-Ohio-4435, ¶ 43.

**Political Subdivision Tort Liability – The City of Cleveland**

{¶ 14} R.C. 2744.02 governs the immunity of a political subdivision. The Ohio Supreme Court established a three-tier analysis to determine whether a political subdivision is entitled to immunity under R.C. Chapter 2744. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7; *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 8.

{¶ 15} The first tier provides a general grant of immunity under R.C. 2744.02(A)(1) that provides "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶ 16} However, political subdivision immunity is not absolute but is revoked under the second tier of the analysis if one of the five exceptions enumerated in R.C. 2744.02(B)(1)-(5) apply and none of the delineated defenses are applicable. If any of the exceptions in R.C. 2744.02(B) apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires an assessment of whether any defenses in R.C. 2744.03 apply to reinstate immunity. *Colbert* at ¶ 9.

{¶ 17} Here, where the parties do not dispute that the city is a political subdivision as defined under R.C. 2744.01(F), the first tier in the analysis is established and a presumption of tort immunity arises. Our review starts with the second tier of the analysis and whether an R.C. 2744.02(B) exception to the city's immunity arises.

{¶ 18} R.C. 2744.02(B)(1) provides that a political subdivision is liable in damages in a civil action for injury, death, or loss allegedly "caused by the negligent operation of any motor vehicle by [its] employees when the employees are engaged within the scope of their employment and authority." R.C. 2744.02(B)(1). However, a political subdivision has a full defense to this liability if "[a] member of a municipal

corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct." R.C. 2744.02(B)(1)(a). In other words,

> R.C. 2744.02(B)(1)(a) provides a full defense to a political subdivision for motor-vehicle liability when the following three conditions are met: "(1) the vehicle's operator was a member of the municipal corporation's police department, (2) the officer was responding to an emergency call, and (3) the operation of the vehicle did not constitute willful or wanton misconduct."

*Hale v. Toth*, 8th Dist. Cuyahoga No. 112030, 2023-Ohio-2954, ¶ 25, citing *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 18.

{¶ 19} In the defendants' motion for summary judgment, they argue that Hunt, a police officer, was operating a motor vehicle while responding to an "emergency call," and his actions did not constitute willful or wanton misconduct. Specifically, the defendants argue that Hunt was responding to a dispatch call that required Hunt to report to the scene of an auto accident, and Hunt's failure to engage his emergency lights or sirens did not adversely impact this conclusion. The defendants argue that the issue of whether an officer is on an "emergency call" is determined as a matter of law, and the city was entitled to a grant of summary judgment where it was immune to liability under R.C. Chapter 2744's three-tier analysis.

{¶ 20} The issue in this matter is whether Hunt was on an "emergency call" at the time the accident occurred. R.C. 2744.01(A) defines "emergency call" as "a

call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." The Ohio Supreme Court defined "duty" as "obligatory tasks, conduct, service, or functions enjoined by order or usage according to rank, occupation, or profession." *Colbert*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781 at ¶ 13, citing *Webster's Third New International Dictionary* 705 (1986). The *Colbert* Court adopted a broad interpretation of "call to duty"; determined the phrase is not limited to inherently dangerous situations; and found the term included situations "to which a response by a peace officer is required by the officer's professional obligation." *Colbert* at ¶ 13-14.

{¶ 21} "The issue of whether an officer is on an emergency call may be determined as a matter of law when there are no triable questions of fact present." *Gilbert v. Cleveland*, 8th Dist. Cuyahoga No. 99699, 2013-Ohio-5317, ¶ 9, citing *Rutledge v. O'Toole*, 8th Dist. Cuyahoga No. 84843, 2005-Ohio-1010, ¶ 19; *Howe v. Henry Cty. Commrs.*, 167 Ohio App.3d 865, 2006-Ohio-3893, 857 N.E.2d 664, ¶ 13 (3d Dist.). The instant facts do not present such a scenario.

{¶ 22} The city's initial burden upon filing its motion for summary judgment was to identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280 at 292, 662 N.E.2d 264. Material facts are those facts relevant to the substantive law applicable in a particular case. *Capital One Bank (USA), N.A. v. Tenney*, 11th Dist. Trumbull

No. 2010-T-0109, 2011-Ohio-4305, ¶ 24, citing *Needham v. Provident Bank*, 110 Ohio App.3d 817, 827, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶ 23} A material fact in the instant matter is whether Hunt was on an "emergency call" at the time of the accident. Absent evidence on this issue, whether Hunt was on an "emergency call" is a question of fact that is not properly considered on summary judgment. *See Malone v. Torres*, 8th Dist. Cuyahoga No. 92878, 2010-Ohio-157, ¶ 23.

{¶ 24} The city relies on the deposition testimony of Hunt to demonstrate that he was engaged in an "emergency call" when the accident with Robinson and Jones occurred. When asked to describe the incident, Hunt testified:

> I remember I was responding to an auto accident, unknown — I can't remember the location I was responding to. I was traveling on East 71st, going through Cedar light. And that's when the accident happened.

Tr. 9-10. The defendants did not establish Hunt was engaged in an "emergency call" with testimony or evidence that he was driving to the scene of an accident in response to communications from a citizen or a police dispatcher request, or even acting on his own personal observations. The defendants' reply brief filed before this court states they are in possession of documents and a dispatcher's audio recording showing Hunt was sent by the city dispatcher to the scene of an automobile accident on the date of loss. Reply brief, p. 3, fn. 1. Such evidence may have demonstrated Hunt was fulfilling an "emergency call" at the time of the accident, yet no such evidence was attached to defendants' motion for summary

judgment and, therefore, is not part of the record. In reviewing a motion for summary judgment, this court is limited to the record as it existed when the trial court rendered its judgment. *Dempsey v. State*, 8th Dist. Cuyahoga No. 94315, 2010-Ohio-5134, ¶ 21, quoting *Chickey v. Watts*, 10th Dist. Franklin Nos. 04AP-818 and 04AP-1269, 2005-Ohio-4974, ¶ 14.

{¶ 25} Hunt's single statement during deposition — that he was "responding to an automobile accident" — did not demonstrate there was no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. *See Dresher*, 75 Ohio St.3d 280, at 293, 662 N.E.2d 264. The defendants needed to present additional evidence to demonstrate Hunt was on an "emergency call" and without such evidence, defendants failed to meet their initial burden, and summary judgment was inappropriate.

{¶ 26} The trial court did not err when it determined a genuine issue of material fact remained as to whether Hunt was responding to an "emergency call" because in the specific facts before us, Hunt's deposition testimony was insufficient evidence. Thus, we overrule the defendants' first assignment of error.

**Political Subdivision Tort Liability – Officer Hunt**

{¶ 27} R.C. 2744.03(A)(6) governs the immunity of an employee of a political subdivision. "For claims against employees acting in an individual capacity, the three-tiered analysis used to determine whether a political subdivision is immune is not used." *Lambert*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585 at ¶ 10, citing *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946,

865 N.E.2d 9, ¶ 17. Instead, under R.C. 2744.03(A)(6), an employee of a political subdivision is immune from liability unless one of the following applies:

> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or]
>
> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code.

R.C. 2744.03(A)(6).

{¶ 28} In their second assignment of error, the defendants argue that where (1) Hunt acted within the scope of his employment as a police officer and (2) Hunt did not act in a wanton or reckless manner, he is immune from liability under R.C. 2744.03(A)(6) and, therefore, entitled to a grant of summary judgment. Robinson and Jones argue that Hunt's failure to engage his emergency lights and sirens and his decision to proceed through the intersection on a red light without first checking for oncoming traffic constituted maliciousness, bad faith, or a wanton or reckless manner that exempted him from immunity.

{¶ 29} We note that Robinson and Jones offer no citations or arguments to support their allegations that Hunt acted with malicious purpose or in bad faith. Thus, the primary issue is whether Hunt's actions were wanton or reckless.

{¶ 30} Wanton and reckless have been defined by the Ohio Supreme Court as follows:

> Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great

probability that harm will result. (*Hawkins v. Ivy*, 50 Ohio St.2d 114, 363 N.E.2d 367 (1977), approved and followed.)

Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. (2 Restatement of the Law 2d, Torts, Section 500 (1965), adopted.)

*Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, paragraphs three and four of the syllabus.

{¶ 31} The defendants contend that Hunt's behavior did not rise to the level of wantonness or recklessness because the evidence does not suggest he "had a willful and intentional design to do injury." Motion for summary judgment, p. 15. Defendants contend that Hunt demonstrated care when he stopped at the red light and looked for oncoming traffic before entering the intersection. Robinson and Jones argue a genuine issue of material fact exists as to whether Hunt's failure to engage his emergency lights and sirens prior to entering an intersection on a red light constituted wanton and/or reckless behavior.

{¶ 32} As discussed previously, there is a question of fact whether Hunt was responding to an "emergency call." The record also indicates genuine issues of material fact exist as to whether Hunt's actions amounted to wanton, willful, or reckless misconduct.

{¶ 33} Robinson and Jones entered the intersection on a green light with no expectation that any cross traffic would impede their lane of travel. Hunt entered the intersection on a red light without first engaging his emergency lights or sirens.

Hunt testified that his training required him to initiate his emergency lights and sirens prior to entering an intersection on a red light. While Hunt testified that he "quickly scanned" the intersection prior to entering it, his actions were insufficient to observe the vehicle driven by Robinson. Whether Hunt's quick scan of traffic rose to the level of wanton or reckless behavior is a material issue of genuine fact that should be considered by the factfinder. *See Hubbard,* 8th Dist. Cuyahoga No. 89870, 2008-Ohio-1940 (Where there is a question of fact whether the officer was responding to an "emergency call" and whether his actions demonstrated willful, wanton, or reckless misconduct, genuine issues of material fact existed and summary judgment was inappropriate.).

{¶ 34} Accordingly, the trial court did not err when it determined genuine issues of material fact exist and denied Hunt's motion for summary judgment. The defendants' second assignment of error is overruled.

{¶ 35} Judgment affirmed and case remanded for further proceedings.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR